**COMMONWEALTH of Kentucky, Appellant,**

v.

**J. Frederick LITKE, Appellee.**

No. 93–SC–308–DG.

Supreme Court of Kentucky.

March 24, 1994.

Chris Gorman, Atty. Gen., Richard C. Gibson, Asst. Atty. Gen., Frankfort, for appellant.

William E. Johnson, J. Guthrie True, Stephen R. Turnbull, David E. Fleenor, Stoll, Keenon & Park, Frankfort, for appellee.

## OPINION OF THE COURT

Prior to this Court's approval of a "good faith" exception to the exclusionary rule relating to technical deficiencies in affidavits for search warrants in *Crayton v. Commonwealth,* Ky., 846 S.W.2d 684 (1993), Franklin Circuit Court granted appellee J. Frederick Litke's motion to suppress records collected in a search of his business premises pursuant to a warrant executed two days after its issuance. On the Commonwealth's appeal, a split Court of Appeals panel affirmed, finding *Crayton* inapplicable to this case. We granted the Commonwealth's motion for review and now reverse.

On January 31, 1990, Franklin Circuit Judge Corns issued a search warrant upon a finding of probable cause established in an extensive affidavit sworn by an investigator employed by the Attorney General. In addi-

tion to a detailed description of appellee optometrist's Henderson business location as well as a seven-page list of pertinent patient files to be seized, the affidavit recounted the complaint received and investigation undertaken by the affiant concerning the alleged improprieties related to the Kentucky Medical Assistance Program (Medicaid).

More particularly, affiant recounted an October 4, 1989 complaint received from an anonymous male caller previously employed by appellee, who the caller alleged was billing Medicaid for unperformed visual field examinations. This information, according to the caller, could be confirmed by appellee's former billing clerk, Sue Clark. An attachment to the affidavit detailed all relevant records and documents at appellee's business premises which might tend to show violation of either KRS 205.850(4) (proscribing submitting fraudulent claims to an assistance program) or KRS 194.505(6) (proscribing a scheme to obtain benefits fraudulently from an assistance program). Although that attachment lacked specific dates, reference was made to "ledgers or accounting records of medicaid billings and payments for the calendar years 1987 through 1989."

Another two-page, single-spaced attachment to the affidavit recounted the four-month investigation. Relating first the affiant's interview with Ms. Clark, who began as appellee's billing clerk in August of 1984, she reportedly addressed appellee's office practices in detail and estimated that about half of appellee's Medicaid billings were "either unrendered or inappropriate." Affiant proceeded next to describe submission of a printout covering an 18-month period of appellee's Medicaid billings to Dr. Richard Eiferman, Professor and Director, Corneal External Disease Service, University of Louisville Medical Center. Dr. Eiferman reportedly responded by letter detailing what he believed to be appellee's "demonstrated pattern of wide-spread fraud and abuse."

Circuit Judge Corns issued a search warrant, which the investigator executed two days later, on February 2, 1990. Appellee was indicted later in 1990 and, the month before the trial date as rescheduled (both parties having received continuances) for January 7, 1992, moved to suppress all records seized when his business was searched pursuant to the warrant. After hearing argument but no witnesses on the motion to suppress on December 30, 1991, Franklin Circuit Judge Graham granted the motion to suppress based upon the lack of time specificity in the affidavit concerning either the information received from Ms. Clark or the printout reviewed by Dr. Eiferman.

On the Commonwealth's appeal pursuant to KRS 22A.020(4), a split Court of Appeals panel affirmed. Although the entire appellate panel agreed that the affidavit for search warrant was deficient with regard to time specificity, only dissenting Judge Howerton read *Crayton* as applicable. We agree with Judge Howerton. This is precisely the type of fact pattern envisioned in *Crayton*, an arson case in which we noted that the county attorney had rendered assistance with the affidavit for the search warrant subsequently issued by a district judge. The "good faith" is at least as clear in this case, in which the extensive affidavit was approved by two assistant attorneys general and then deemed sufficient by an experienced circuit judge. Further, had the affiant been required to provide additional time specificity, the facts would have refuted any claim of staleness.

As the Commonwealth also notes, Medicaid regulations and provider agreements require retention of documentation of services provided for at least five years. In addition to recalling that Ms. Clark was not employed by appellee until the latter half of 1984 (having left his employ, as indicated at the hearing on the motion to suppress, in May of 1988), we note from the record that none of the allegations in the indictment preceded calendar year 1987. Under all the circumstances and particularly considering the nature of the alleged crime, the Court of Appeals majority clearly erred in its conclusion that "no 'reasonably well-trained officer' could have believed that the affidavit in this case was sufficient." Given *Crayton* and the "totality of the circumstances" test adopted in *Beemer v. Commonwealth*, Ky., 665 S.W.2d 912 (1984), probable cause supported this search.

The Franklin Circuit Court order suppressing the evidence and the Court of Appeals decision are reversed, and the case is remanded to Franklin Circuit Court for further proceedings consistent with this opinion, including trial.

LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents and files a separate dissenting opinion in which STEPHENS, C.J., joins.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. As noted by the Court of Appeals, the affidavit in support of the search warrant lacked any information detailing when the evidence sought was seen at the searched location, and whether that material was probably still there. The only specific dates referred to were the date on which the affiant received the anonymous call that precipitated the investigation (October 1989) and the month and year in which Ms. Clark, appellee's former billing clerk, began her employment (August 1984). This was more than five years before the search. There was nothing in the affidavit that indicates her information was more recent than that date. I would affirm the Court of Appeals' conclusion that "[t]here is a complete lack of information that would create probable cause for the belief that records supporting the alleged Medicaid fraud were on the premises *at the time of the search.*"

While I recognize that the warrant at issue here predates this Court's opinion in *Crayton v. Commonwealth,* Ky., 846 S.W.2d 684 (1993), it demonstrates the inherent danger in that ruling predicted by Chief Justice Stephens:

> With the majority's decision, any incentive on behalf of the police to devote great care and attention to providing sufficient information to establish probable cause is lost.... Today's decision will encourage representatives of the Commonwealth to become slovenly, less careful and less prepared in their work.

*Crayton, supra,* at 691 (Stephens, C.J., dissenting).

I would affirm the decision of the Court of Appeals.

STEPHENS, C.J., joins in this dissent.